## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RENZO BARBERI,

      Plaintiff,

      vs.

TCB SPORT ENTERTAINMENT LLC, a
Florida Limited Liability Company d/b/a
PLAYERS SPORTS BAR & GRILL and
THE GORI FAMILY LIMITED
PARTNERSHIP, a Florida Limited
Partnership,

      Defendants.

_____/

## COMPLAINT

Plaintiff, RENZO BARBERI (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this complaint and sues TCB SPORT ENTERTAINMENT LLC d/b/a PLAYERS SPORTS BAR & GRILL ("BAR & GRILL") and THE GORI FAMILY LIMITED PARTNERSHIP ("PARTNERSHIP") (hereinafter, collectively referred to as "Defendants") for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

## JURISDICTION

1.     This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on Defendants' violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

**VENUE**

2.     The venue of all events giving rise to this lawsuit is located in Broward County, Florida. Pursuant to 28 U.S.C. §1391(B) and rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3.     Plaintiff, RENZO BARBERI, is a resident of the State of Florida.  At the time of Plaintiff's visit to Players Sports Bar & Grill ("Subject Facility"), Plaintiff suffered from a "qualified disability" under the ADA, and required the use of a wheelchair for mobility. Specifically, Plaintiff suffers from paraplegia due to a severed T4 and T5, and is therefore confined to his wheelchair. Plaintiff personally visited Players Sports Bar & Grill, but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within Players Sports Bar & Grill, which is the subject of this lawsuit. The Subject Facility is a restaurant and Plaintiff wanted to purchase food and beverages but was unable to due to the discriminatory barriers enumerated in Paragraph 15 of this Complaint.

4.     In the alternative, Plaintiff, RENZO BARBERI, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring and determining whether places of public accommodation are in compliance with the ADA.

5.     Defendants, BAR & GRILL and PARTNERSHIP, are authorized to conduct business and are in fact conducting business within the State of Florida. The Subject Facility is located at 5280 North State Road 7, Fort Lauderdale, FL 33319. Upon information and belief, BAR & GRILL is the lessee and/or operator of the Real Property and therefore held accountable of the violations of the ADA in the Subject Facility which is the matter of this suit. Upon information and belief, PARTNERSHIP is the owner and lessor of the Real Property where the Subject

Facility is located and therefore held accountable for the violations of the ADA in the Subject Facility which is the matter of this suit.

## CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6.    Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 5 of this complaint, as are further explained herein.

7.    On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

8.    As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

   ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation, and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

     v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9.    As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

     i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

     ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

     iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

10.    Pursuant to 42 U.S.C. §12181(7), and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. Players Sports Bar & Grill is a place of public accommodation by the fact it is an establishment that provides goods/services to the general public, and therefore, must comply with the ADA. The Subject Facility is open to the public, its operations affect commerce, and it is a restaurant. See 42 U.S.C. Sec. 12181 (7) and 28 C.F.R. 36.104. Therefore, the Subject Facility is a public accommodation that must comply with the ADA.

11.    The Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Players Sports Bar & Grill located at 5280 North State Road

7, Fort Lauderdale, FL 33319, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

12.   Plaintiff has visited the Subject Facility, and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

13.   Plaintiff shall suffer a future injury as Plaintiff intends to return and enjoy the goods and/or services at the Subject Facility within the next six months. The Subject Facility is in close proximity to Plaintiff's residence and is in an area frequently travelled by Plaintiff. Furthermore, Plaintiff will also return to monitor compliance with the ADA. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

14.   Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15.   The Defendants are in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and are discriminating against the Plaintiff with the following specific violations which Plaintiff personally encountered and/or has knowledge of:

a) The parking facility in front of the main restaurant entrance (west side of building) does not provide a compliant accessible parking space in the designated customer parking areas. 2012 ADA Standards 502.1

b) The parking facility does not have the minimum number of compliant accessible parking spaces required.  2012 ADA Standards 208.2

c) There are seventeen (17) marked standard parking spaces and one (1) non-compliant accessible parking space located in front of the restaurant main entrance. One (1) compliant accessible parking space with adjacent access aisle is required. 2012 ADA Standards 208.2

d) The non-compliant parking space does not have an access aisle. Each designated accessible parking space must have an adjacent access aisle. Parking access aisles must be part of an accessible route to the building or facility entrance. Access aisles must be placed adjacent to accessible parking spaces. All spaces must be located on an accessible route that is at least 44 inches wide so that users are not compelled to walk or wheel behind parked vehicles except behind his or her own vehicle. 2012 ADA Standards 502.2, 502.3

e) Access aisles serving car and van parking spaces must be 60 inches wide minimum. 2012 ADA Standards 502.2, 502.3, 502.3, 502.3.1

f) There is no compliant access aisle attached to an accessible route serving any existing parking space which would allow safe entrance or exit of vehicle for accessible persons requiring mobility devices.  2012 ADA Standards 502.2

g) The non-compliant accessible parking space does not have the correct ground markings. Accessible parking spaces must be striped in a manner that is consistent

with the standards of the controlling jurisdiction (FDOT) for other spaces and prominently outlined with blue paint, and must be repainted when necessary, to be clearly distinguishable as a parking space designated for persons who have disabilities. 2012 ADA Standards 502.6.1

h)  The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space. 2012 ADA Standards 216.5

i)  The parking facility alongside the restaurant (south side of building) does not provide a compliant accessible parking space in the designated customer parking areas. 2012 ADA Standards 502.1

j)  There are four (4) marked standard parking spaces and one (1) non-compliant accessible parking space located along the south wall of the restaurant building. One (1) compliant accessible parking space with an adjacent access aisle is required. 2012 ADA Standards 208.2

k)  There is a marked standard parking space with an accessible parking sign in the south parking lot. This non-compliant parking space does not have an access aisle. Each accessible parking space must be at least 12 feet wide, marked to define the width, and must have an adjacent access aisle. Access aisles serving car and van parking spaces must be 60 inches wide minimum. 2012 ADA Standards 502.2, 502.3, 502.3, 502.3.1

l)  This non-compliant accessible parking space does not have the correct ground markings. Accessible parking spaces must be striped in a manner that is consistent with the standards of the controlling jurisdiction (FDOT) for other spaces and prominently outlined with blue paint, and must be repainted when necessary, to be

clearly distinguishable as a parking space designated for persons who have disabilities. 2012 ADA Standards 502.6.1

m) In the east corner of the building is a non-compliant accessible parking space located in front of an adjacent pawn shop. This space is the furthest from the restaurant main entrance. The accessible parking space is not located closest to the main restaurant entrance. Parking spaces that serve a particular building or facility must be located on the shortest accessible route from parking to an accessible main entrance.  Where parking serves more than one accessible entrance, accessible parking spaces must be dispersed and located on the shortest accessible route to the accessible entrances. 2012 ADA Standards 208.3.1

n) The non-compliant accessible parking space sign is missing.  Each accessible parking space must be posted with a permanent above-grade sign of a color and design approved by the Department of Transportation, which is placed on or at least 60 inches above the finished floor or ground surface measured to the bottom of the sign and which bears the international symbol of accessibility and the caption "PARKING BY ACCESSIBLE PERMIT ONLY" and must indicate the penalty for illegal use of the space. 2012 ADA Standards 502.6

o) There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility as required in 2012 ADA Standards 502.3

p) Existing facility does not provide a compliant accessible route to the building main entrance from any site arrival point. 2012 ADA Standards 206.2, 208, 401.1, 502

q)  The facility does not provide compliant directional and informational signage to an accessible route which would lead to an accessible entrance. Where not all entrances comply, compliant entrances must be identified by the International Symbol of Accessibility. Directional signs that indicate the location of the nearest compliant entrance must be provided at entrances that do not comply.  2012 ADA Standards 216.6

r)  There is no accessible seating at or near the bar.  Where dining surfaces are provided for the consumption of food or drink, at least 5% of the dining seating spaces, counter and standing spaces at the dining surfaces must comply.  2012 ADA Standards 226.1, 904.4

s)  The Men's and Women's restroom signs are non-compliant. Tactile (braille) characters on signs must be located 48 inches minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character. Where a tactile sign is provided at a door, the sign must be located alongside the door at the latch side. 2012 ADA Standards 703.4.1, 703.4.2

t)  The restroom door openings in the vestibule leading to the restrooms are too narrow. Door openings must provide a clear width of 32 inches minimum. 2012 ADA Standards 404.2.3

u)  The Men's restroom door has a non-compliant doorknob and lock. Operable parts must be operable with one hand and not require tight grasping, pinching, or twisting of the wrist. 2012 ADA Standards 309.4

v)  The restroom is too small to provide a compliant turning space. The turning space must be a space of 60 inches diameter minimum. The space must be permitted to include required knee and toe clearances. 2012 ADA Standards 304.3.1

w)  The sink counter is too high. Lavatories and sinks must be installed with the front of the higher of the rim or counter surface 34 inches maximum above the finish floor or ground. 2012 ADA Standards 606.3

x)  The trap and pipe protectors are missing underneath the sink. Water supply and drain pipes under lavatories and sinks must be insulated or otherwise configured to protect against contact. 2012 ADA Standards 606.5

y)  There are two (2) ambulatory toilet compartments. Neither is accessible.  The doors are too narrow to enter. Toilet compartment doors, including door hardware, must comply with 404, except that if the approach is to the latch side of the compartment door, clearance between the door side of the compartment and any obstruction must be 42 inches minimum. The door must be self-closing. 2012 ADA Standards 604.8.2.2.2

z)  The ambulatory toilet compartments doors have non-compliant doorknobs and locks. Operable parts must be operable with one hand and not require tight grasping, pinching, or twisting of the wrist. 2012 ADA Standards 309.4

aa) The rear grab bars are missing. The rear wall grab bar must be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. 2012 ADA Standards 604.5.2

bb) The side grab bars are missing. The side wall grab bar must be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. 2012 ADA Standards 604.5.1

16.    Upon information and belief there are other current violations of the ADA at Players Sports Bar & Grill. Only upon full inspection can all violations be identified.   Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

17.    Upon information and belief, Plaintiff alleges that removal of the discriminatory barriers and violations is readily achievable and technically feasible. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.    Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date the Defendants have failed to comply with this mandate.

19.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants and requests the following injunctive and declaratory relief:

21. That this Honorable Court declares that the Subject Facility owned, operated and/or controlled by the Defendants is in violation of the ADA;

22.   That this Honorable Court enter an Order requiring Defendants to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

23.   That this Honorable Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

24.   That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

25.   That this Honorable Court award such other and further relief as it deems necessary, just and proper.

Dated this April 02, 2021.

Respectfully submitted by:

_Ronald E. Stern_
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone:  (954) 639-7016
Facsimile: (954) 639-7198
Email: ronsternlaw@gmail.com
Attorney for Plaintiff, RENZO BARBERI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RENZO BARBERI,

       Plaintiff,

       vs.

TCB SPORT ENTERTAINMENT LLC, a
Florida Limited Liability Company d/b/a
PLAYERS SPORTS BAR & GRILL and
THE GORI FAMILY LIMITED
PARTNERSHIP, a Florida Limited
Partnership,

       Defendants.

_____/

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 02, 2021, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
Email: ronsternlaw@gmail.com
Attorney for Plaintiff RENZO BARBERI

## <u>SERVICE LIST</u>:

RENZO BARBERI, Plaintiff, vs. TCB SPORT ENTERTAINMENT LLC, a Florida
Limited Liability Company d/b/a PLAYERS SPORTS BAR & GRILL and THE GORI
FAMILY LIMITED PARTNERSHIP, a Florida Limited Partnership

United States District Court Southern District of Florida

CASE NO.


**<u>TCB SPORT ENTERTAINMENT LLC d/b/a PLAYERS SPORTS BAR & GRILL</u>**

**REGISTERED AGENT:**

SKOCZEN, BERNADETTE J
9151 NW 66TH LN
PARKLAND, FL 33067

**VIA PROCESS SERVER**


**<u>THE GORI FAMILY LIMITED PARTNERSHIP</u>**

**REGISTERED AGENT:**

BERGER, GREGG
5325 NW 77 AVE
MIAMI, FL 33166

**VIA PROCESS SERVER**