UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-60726-SMITH/VALLE

RENZO BARBERI,

    Plaintiff,

v.

TCB SPORT ENTERTAINMENT LLC,
a Florida Limited Liability Company
d/b/a PLAYERS SPORTS BAR &
GRILL, and THE GORI FAMILY
LIMITED PARTNERSHIP, a Florida
Limited Partnership,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Bill of Costs (ECF No. 24), and Verified Motion for Attorneys' Fees, Expert Witness Fees and Litigation Expenses (ECF No. 29) (together, the "Motions"). United States District Judge Rodney Smith has referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 32).

Accordingly, having reviewed the Motions, Defendants' Responses (ECF Nos. 25, 33), and Plaintiff's Replies (ECF Nos. 26, 36), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded **$8,699.25** in attorneys' fees, **$1,500** in litigation expenses, and **$541.79** in costs.

## I. BACKGROUND

On April 2, 2021, Plaintiff filed this action against Defendants for violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et. seq. See generally* (ECF No. 1). On May 13, 2021, Defendants filed a Motion for Judgment on the Pleadings in favor of Plaintiff, which the Court granted. (ECF Nos. 20, 22). Thereafter, the Court entered Final Judgment in favor of Plaintiff. (ECF No. 23). The instant Motions followed.

## II. LEGAL STANDARDS

### A. Entitlement to Attorney's Fees and Costs Generally

Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). In this case, 42 U.S.C. § 12205 of the ADA gives the Court discretion to award the prevailing party (other than the United States) reasonable attorney's fees, litigation expenses and costs. 42 U.S.C. § 12205.

Here, Plaintiff was awarded Final Judgment in his favor, *see* (ECF No. 23), and is therefore the prevailing party. *See Kahn v. Cleveland Clinic Fla. Hosp.*, No. 16-CV-61994, 2020 WL 10502419, at *1 (S.D. Fla. Apr. 20, 2020) (finding that ADA plaintiff was entitled to reasonable attorney's fees and litigation expenses, after obtaining final judgment in its favor.) Defendants do not dispute that Plaintiff has prevailed.

### B. Attorney's Fees and Costs under the ADA

Having determined that Plaintiff is entitled to fees as the prevailing party, the Court considers the reasonableness of Plaintiff's request for attorneys' fees, expert witness fees, and litigation expenses. Under the ADA, a successful plaintiff can recover "reasonable attorney's fees and costs," including litigation expenses. *See* 42 U.S.C. §§ 2000a-3(b), 12205 (providing

reasonable attorney's fee, including litigation expenses and costs, to the prevailing party). Allowable litigation expenses under § 12205 are broader than those allowed pursuant to 28 U.S.C. § 1920, and include expenditures for items related to the "advancement of the litigation." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006) (quotation and citation omitted); *Caplan v. Vaval,* No. 18-CV-21880 (S.D. Fla. Feb. 28, 2019) (ECF No. 14 at 5-6).

## III.   DISCUSSION

In the instant case, Plaintiff requests $11,599 in attorneys' fees for 32.6 hours of work performed by attorneys Ronald Stern and Ronnette Gleizer, at hourly rates of $420 and $350, respectively. (ECF No. 29 at 5, 8, 10, 14). Plaintiff also seeks $512.50 in paralegal fees for work performed by Muminat Kerimova, Lola Tivodar, and Michelle Mercier, at $125 per hour. *Id.* at 10, 14. Lastly, Plaintiff seeks $3,000 in litigation expenses. *Id*. at 11-14; *see also* (ECF No. 29-2).

In opposing the Motions, Defendants argue that: (i) Plaintiff failed to confer as to the full amount of fees requested, as required by Local Rule 7.3(b); (ii) the hourly rates for the attorneys and paralegals are unreasonable; (iii) the hours expended by counsel are unreasonable; and (iv) the expert's fees are excessive and not properly supported by evidence. *See generally* (ECF No. 33).

### A.   The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing

entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *16-17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

   1. *Reasonable Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 437 (quotation marks and citation omitted). Here, the relevant legal community is South Florida.

Plaintiff seeks an award for legal services performed by attorneys Ronald Stern and Ronnette Gleizer of the Advocacy Law Firm, PA (the "Firm"). (ECF No. 29 at 10, 29-1). Attorney Stern has been practicing law since 2005. (ECF No. 29 at 4); *see also* https://www.floridabar.org/mybarprofile/10089 (last visited Feb. 16, 2022). Attorney Stern bills at an hourly rate of $420 and has substantial experience representing persons with disabilities in ADA

litigation. (ECF No. 29 at 4, 10). He is admitted to practice law in the State of Florida, the Southern and Middle Districts of Florida, the Western District of Texas, and the U.S. Court of Appeals for the Eleventh Circuit. *Id*. at 4.

Attorney Gleizer has been practicing law since 2011 and is an associate at the Firm. (ECF No. 29 at 4, 10); *see also* https://www.floridabar.org/mybarprofile/87417 (last visited Feb. 16, 2022). She bills at an hourly rate of $350 and has substantial experience in ADA litigation. (ECF No. 29 at 4, 10). She is admitted to practice law in the State of Florida, the Southern District of Florida, and the U.S. Court of Appeals for the Eleventh Circuit. *Id*. at 4.

In determining reasonable hourly rates in the relevant legal market, the undersigned may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[1]

The Court has considered the relevant *Johnson* factors, and has reviewed the time records submitted by counsel, and the record in this case. *See generally* (ECF No. 29-1). Based on this review, and the Court's own judgment and expertise, the Court finds that $420 is a reasonable hourly rate for attorney Stern and $325 is a reasonable rate for attorney Gleizer. As to attorney Stern, judges in this District, including the undersigned, have previously awarded him fees at an hourly rate of $420. *See, e.g., Caplan v. Mallory*, No. 19-CV-62103, 2021 WL 883493, at *4 (S.D.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

Fla. Feb. 26, 2021); *Buchholz v. Sai Saffron*, No. 19-CV-21499 (S.D. Fla. Oct. 31, 2019) (ECF No. 41); *Caplan v. Stanton Dental Excellence*, No. 18-CV-61792 (S.D. Fla. July 18, 2019) (ECF No. 23); *Barberi v. Mi Viejo San Juan Rest., LLC*, No. 16-CV-23313 (S.D. Fla. Jan. 30, 2017) (ECF No. 23); *see also* (ECF Nos. 29 at 8-10, 38 at 1-3). Moreover, Defendants do not contest attorney Stern's hourly rate. (ECF No. 33 at 4). Accordingly, the undersigned finds that $420 is a reasonable hourly rate for attorney Stern.

Similarly, judges in this District, including the undersigned, have awarded attorney Gleizer fees at an hourly rate ranging from $250 to $350. *See Mallory*, 2021 WL 883493, at *4 (the undersigned's finding that $325 is a reasonable hourly rate for attorney Gleizer); *Caplan v. Rehabclinics (PTA) Inc.*, No. 19-CV-62890, 2020 WL 3977140, at *4 (S.D. Fla. July 13, 2020) (same); *Barberi v. Mia. Auto Experts, Inc.*, No. 17-CV-21218, 2018 U.S. Dist. Lexis 43568, at *8 (S.D. Fla. Mar. 15, 2018), *report and recommendation adopted*, 2018 U.S. Dist. Lexis 55906 (S.D. Fla. Mar. 30, 2018) (finding $295 to be a reasonable hourly rate for attorney Gleizer). Accordingly, the undersigned finds that $325 is a reasonable hourly rate for attorney Gleizer.[2]

On the other hand, Plaintiff's request to recover for work performed by three paralegals at an hourly rate of $125 is unsupported. First, Plaintiff did not provide any information regarding the paralegals' experience or qualifications that would allow the undersigned to determine whether $125 is a reasonable hourly rate in light of their education and experience. Counsel have made the same mistake in the past, and have suffered the same consequences: courts have consistently reduced the paralegals' hourly rates. *See, e.g., Rehabclinics (PTA) Inc.*, 2020 WL 3977140, at *4

---

[2] Plaintiff argues that Defendants should not be permitted to challenge attorney Gleizer's requested hourly rate because Defendants did not provide an affidavit regarding their own rates, as required by Local Rule. 7.3(a). (ECF No. 36 at 4). Despite this procedural flaw, the Court will exercise its discretion to review the reasonableness of attorney Gleizer's hourly rate, as the court is considered an expert on fees.

(reducing paralegal rate from $125 to $90 because motion provided no information regarding the paralegal's experience or qualifications); *Caplan v. 101 Vapor & Smoke*, *LLC,* No. 18-CV-23049, 2019 U.S. Dist. Lexis 142994, at *14 (S.D. Fla. Aug. 21, 2019) (reducing paralegal rate from $125 to $95 because motion failed to provide information about the paralegals' experience), *report and recommendation adopted*, 2019 U.S. Dist. Lexis 232298 (S.D. Fla. Sept. 16, 2019).  Accordingly, the undersigned recommends that the paralegals' hourly rate be reduced to $100.  *See Garcia v. J & J, Inc.*, No. 19-CV-60728, 2021 WL 633377, at *6 (S.D. Fla. Feb. 1, 2021) (undersigned's Report and Recommendation reducing paralegals' hourly rate from $125 to $100 in the absence of any background information regarding their education, skills, and experience); *Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-CV-61268, 2019 WL 6462550, at *4 (S.D. Fla. Nov. 13, 2019) (reducing paralegal rate from $150 to $125 where the motion provided "little professional background" about the paralegal's identity, experience, and qualifications).

    2. *Reasonable Hours Expended*

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them."  *ACLU*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time

7

claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The undersigned has reviewed counsel's billing records. *See generally* (ECF No. 29-1). Plaintiff seeks fees for a total of 32.6 hours, which includes 23.2 hours for attorney Stern, 5.3 hours for attorney Gleizer, and 4.1 hours of paralegal time. *See* (ECF Nos. 29 at 5, 29-1). Defendants object to these hours on several grounds. First, Defendants argue that Plaintiff failed to confer with Defendants about the full amount of requested fees and non-taxable expenses and costs.[3] (ECF No. 33 at 3-4). Second, Defendants allege that the hours billed were not reasonably expended by counsel. *Id.* at 5-10. For example, Defendants argue that counsel served discovery requests despite knowing that the litigation was over, billed too much time for "cookie-cutter" filings (including the Motions), and billed too much time for reviewing basic documents and client communications. *Id*.

Upon review of the billing entries, the Court finds that some adjustment is necessary to account for certain billing inefficiencies. First, counsel billed for work that seems to have been generated for and recycled from other ADA cases. For example, counsel billed 1.1 hours to prepare a draft of the Complaint, although counsel had filed nearly identical complaints in other ADA

---

[3] More specifically, Defendants argue that fees generated after July 6, 2021 should be denied, as they were not included in Plaintiff's initial draft motion and timesheet provided to Defendants. *Id.* at 3-4. This argument is unpersuasive. The fees generated after July 6, 2021 were incurred in connection with the instant Motions, and Plaintiff should recover fees incurred in litigating the fee motions. *See, e.g.*, *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015) (awarding "fees on fees") (citation omitted); *Pro. LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-CV-61376, 2015 WL 11570970, at *7-8 (S.D. Fla. July 22, 2015) (awarding reasonable attorney's fees incurred in connection with litigating the fee award).

actions.[4]  *See* (ECF No. 29-1 at 1) (time entry dated 4/2/2021).  Similarly, counsel billed 1.1 hours preparing the instant Motions, which are nearly identical to other motions filed by counsel in other ADA cases.[5]  *See* (ECF No. 29-1) (time entry dated 7/6/2021).

Second, counsel billed excessive hours to review routine court orders and filings, including, for example: (i) .2 hours to review the Clerks Notice of Judge Assignment (time entry dated 4/5/2021); (ii) .5 hours to review the Court's Order Requiring Joint Scheduling Report, Certificate of Interested Parties, and Corporate Disclosure (time entry dated 4/15/2021); (iii) .3 hours to review Defendants' Certificate of Interested Persons and Corporate Disclosure Statement (time entry dated 4/20/2021); and (iv) .3 hours to review a Motion for Extension of Time (time entry dated 4/27/2021).  (ECF No. 29-1); *see also Rehabclinics (PTA) Inc.*, 2020 WL 3977140, at *5 (noting that counsel should not be spending more than .1 hours to review orders that are routinely entered in many ADA cases).  Time spent on these relatively minor tasks should be reduced.

Lastly, counsel billed for the performance of non-legal administrative and clerical tasks, including .3 hours for "[f]ile [c]reation" (time entry dated 4/2/2021); .6 hours for "[m]ailing" (time entries dated 4/16/2021, 4/19/2021); .2 hours to file a notice of compliance (time entry dated 4/21/2021); .2 hours to file a Certificate of Interested Parties/Corporate Disclosure Statement (time entry dated 5/07/2021); and .3 hours to "[f]ile motion; [o]rder to [judge]" (time entry dated 8/3/2021).  *See* (ECF No. 29-1).  These tasks appear to be clerical rather than "work traditionally done by an attorney," and are not compensable at attorney or paralegal rates.  *Kennedy v. Bonom*

---

[4] *See, e.g.*, *Mallory*, No. 19-CV-62103 (S.D. Fla. Aug. 21, 2019) (ECF No. 1); *Rehabclinics (PTA) Inc.*, No. 19-CV-62890 (S.D. Fla. Nov. 21, 2019) (ECF No. 1); *Barberi v. Tax Conneck USA Inc.*, No. 19-CV-61696 (S.D. Fla. Oct. 10, 2019) (ECF No. 1).

[5] *See, e.g.*, *Barberi v. Access Self Storage of Davie, Inc.*, No. 21-CV-60551 (S.D. Fla. May 19, 2021) (ECF No. 13); *Caplan v. Sky Motel, Inc.*, No. 19-CV-62985 (S.D. Fla. July 11, 2020) (ECF No. 50).

*Enters., Inc.*, No. 18-CV-62175, 2019 WL 1429513, at * 3 (S.D. Fla. Mar. 29, 2019) (noting that plaintiff could not recover fees for paralegal work that was clerical in nature rather than work traditionally performed by an attorney); *Sensat v. Beryhill*, No. 15-CV-24727, 2018 WL 5257143, at *4 (S.D. Fla. Oct. 22, 2018) (deducting counsel's hours that pertained to "strictly clerical tasks").

For the foregoing reasons, the undersigned concludes that a reduction to the fees claimed is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 25% reduction to the total fee requested to account for counsel's billing inefficiencies. *See Bonom Enters., Inc.*, 2019 WL 1429513, at *4 (recommending a 35% reduction given that counsel routinely represented plaintiff in similar actions using a nearly identical complaint); *see also Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1306 (S.D. Fla. 2017) (recommending a 15% reduction for billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing)*; see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut); *see also Bujanowski v. Kocontes*, No. 08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (noting that a court has broad discretion to determine the extent to which a reduction of fees is warranted due to block billing). Accordingly, counsel recommends that Plaintiff be awarded fees in the amount of $8,699.25 ($11,599 x .75 = $8,699.25).

**B. Litigation Expenses**

In addition to attorneys' fees, Plaintiff requests $3,000 in litigation expenses. (ECF Nos. 29 at 11-13, 29-1 at 5, 36 at 9). "A prevailing ADA plaintiff may recover expert fees as a litigation expense." *Hansen,* 420 F. Supp. 2d at 1353. Although Plaintiff's request for expert

fees lacks detail, the billing records reflect an "expert flat fee" of $2,500 and a $500 "re-inspection flat fee." (ECF No. 29-1 at 5). In addition, Plaintiff attached a copy of the expert's report and an affidavit from expert Jon Kronillis, pursuant to 28 U.S.C. § 1746. (ECF No. 29-2). The affidavit reflects the total number of hours (8-12) that Mr. Kronillis spent to inspect the property and complete his initial report, but does not provide any information regarding the reinspection. *Id.* at 1. There is also no indication whether a reinspection of the property has occurred or any details on when and under what circumstances it will occur.

Against this backdrop, rather than rejecting outright Plaintiff's request for reimbursement of expert fees, the undersigned recommends that the Court award $1,500 towards this cost. This is consistent with what the undersigned and other Courts have found to be a reasonable flat rate for an expert in a similar case. *See, e.g.*, *Mallory*, 2021 WL 883493, at *5 (undersigned's Report and Recommendation reducing this same expert's fees from $3,000 to $1,500 for same reasons as here); *Vaval,* No. 18-CV-21880 (ECF No. 14 at 5-6) (reducing expert's fee due to lack of detail)*; Stanton*, No. 18-CV-61792 (ECF No. 23 at 11) (same); *Gomez v. Lola's Gourmet LLC*, No. 18-CV-22929 (S.D. Fla. Nov. 13, 2018) (ECF No. 17) (holding that a $1,500 expert fee for retention and subsequent review for compliance was reasonable in an ADA case). *But cf. Kennedy v. Fountains of Boynton Assocs., Ltd.*, No. 16-CV-81902, 2017 WL 5957662, at *5 (S.D. Fla. Nov. 6, 2017) (denying request for expert fees because motion provided no detail regarding any of the services provided, time spent on any task, the expert's rates, the nature of the work, the date the work was completed, or anything other than the total charge), *report and recommendation adopted*, 2017 WL 5956871 (S.D. Fla. Nov. 29, 2017); *Hous. v. S. Bay Invs. No. 101, LLC*, No. 13-CV-80193, 2013 WL 3874026, at *3 (S.D. Fla. July 25, 2013) (reducing expert and reinspection fee by 25% because,

although plaintiff provided total hours spent, plaintiff did not specify time spent on individual tasks or whether other courts found similar prices reasonable).

## IV. BILL OF COSTS

### A. Plaintiff is Entitled to Costs

Plaintiff also seeks an award of $541.79 in costs, including: (i) filing fees ($402); (ii) PACER fees ($5.20); (iii) process server fees ($40 for service upon each Defendant, totaling $80); (iv) printing fees ($50.75); and (v) postage fees ($3.84). *See generally* (ECF Nos. 24, 24-1). Defendants object to the printing costs ($50.75), PACER fees ($5.20), and postage fees ($3.84). *See* (ECF Nos. 24 at 5, 25 at 2-3).

These costs are recoverable under 28 U.S.C. § 1920 and are also generally reasonable costs as "advancement of litigation" under § 12205. *See Mallory*, 2021 WL 883493, at *5 (awarding filing fees, service of process fees, and PACER/printing/postage fees in ADA case under § 12205). Accordingly, Plaintiff should be awarded $541.79 in costs.

### B. Post-Judgement Interest

Plaintiff, as the prevailing party in this case, is statutorily entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, which provides for interest on any money judgment recovered in District Court in a civil case. Defendants do not address Plaintiff's request for interest. *See generally* (ECF No. 25).

The Supreme Court and the Eleventh Circuit have explained, "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir. 1994) (*citing Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir. 1988)); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835 (1990). Section 1961(a) provides

12

that the post-judgment interest rate is determined by looking to the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961(a); *see BankAtlantic,* 12 F.3d at 1052; *U.S. S.E.C. v. Carrillo,* 325 F.3d 1268, 1271 (11th Cir. 2003).

In this case, the District Court entered Final Judgment on June 4, 2021. (ECF No. 23). The applicable interest rate for the week before the judgment (ending May 28, 2021) is .04%. Board of Governors of the Federal Reserve System, *Selected Interest Rates (H.15)*, https://www.federalreserve.gov/datadownload/ (last visited February 16, 2022). This rate of interest should be applied to any award of costs, effective as of June 4, 2021, the date of the Final Judgment for Plaintiff.

## V.     RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Bill of Costs (ECF No. 24) be **GRANTED** and Verified Motion for Attorneys' Fees, Expert Witness Fees and Litigation Expenses (ECF No. 29) be **GRANTED IN PART**. Plaintiff should be awarded: (i) $**8,699.25** in attorneys' fees; (ii) **$1,500** in litigation expenses; and (iii) **$541.79** in costs.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 16, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Smith
All Counsel of Record